J-S17028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY D. TURNER | : | |
| | : | |
| Appellant | : | No. 1933 EDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1012461-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY D. TURNER | : | |
| | : | |
| Appellant | : | No. 1934 EDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1207171-1995

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY D. TURNER | : | |
| | : | |
| Appellant | : | No. 1935 EDA 2021 |

Appeal from the PCRA Order Entered August 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1012471-1995

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 9, 2022**

Jeffrey D. Turner appeals,[1] *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

On October 15, 1996, Turner was convicted of four counts of burglary,[2] three counts of possessing an instrument of crime,[3] two counts of corrupting the morals of a minor,[4] two counts of rape,[5] and one count each of attempted rape[6] and aggravated assault,[7] relating to a series of break-ins and sexual assaults in the Philadelphia area. The trial court sentenced Turner to an

_____

[1] Turner filed three separate notices of appeal, each of which listed all of the above-captioned dockets. Each notice of appeal has a check mark next to the corresponding docket number. This Court has previously determined that such filings do not violate the rule stated in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***See Commonwealth v. Marmolejos***, 255 A.3d 1279 (Pa. Super. 2021) (Table) (unpublished memorandum decision) (concluding appellant's three notices of appeal, which each included all trial court docket numbers, satisfied ***Walker*** where appellant placed "check mark" next to corresponding docket number) (citing ***Commonwealth v. Johnson***, 236 A.3d 1141 (Pa. Super. 2020)). Accordingly, we find Turner has complied with ***Walker***.

[2] 18 Pa.C.S.A. § 3502.

[3] ***Id.*** at § 907.

[4] ***Id.*** at § 6301.

[5] ***Id.*** at § 3121.

[6] ***Id.*** at § 901.

[7] ***Id.*** at § 2702.

aggregate term of 82½ to 165 years in prison. This Court affirmed his judgment of sentence, *see Commonwealth v. Turner*, 726 A.2d 1084, (Pa. Super. 1998) (Table) (unpublished memorandum decision), and our Pennsylvania Supreme Court denied his petition for allowance of appeal. *See id.*, 736 A.2d 604 (Pa. 1999) (Table). Turner did not seek a writ of certiorari from the United States Supreme Court.

On October 26, 1999, Turner filed a PCRA petition, in which he argued, *inter alia*, that his sentences for corruption of minors was illegal. Ultimately, this Court agreed and vacated his sentences with respect to the corruption of minors convictions, but affirmed the remainder of Turner's sentence. *Commonwealth v. Turner*, 829 A.2d 367 (Pa. Super. 2003) (Table) (unpublished memorandum decision).

On February 20, 2018, Turner filed the instant PCRA petition, in which he argued that he was recently diagnosed with a mental disorder and that his prior counsel were ineffective in failing to present evidence of this disorder to the jury. On June 29, 2021, the PCRA issued notice of its intent to dismiss Turner's petition pursuant to Pa.R.Crim.P. 907. Turner filed a response, and on August 25, 2021, the PCRA court dismissed his petition.

Turner filed timely notices of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Turner raises the following claims for our review:

> 1. Was [Turner]'s by-telephone mental evaluation not based upon improper standard practices, to submit to accurate evaluation of [Turner]'s mental health condition; to seek proper mitigating

standards pursuant to 42 Pa.C.S.A. § 9711(e)(2), (e)(3)[,] and (e)(8) for a lesser term of confinement under 18 Pa.C.S.A. § 1103(1), and case law governing consolidation/merger of sentences?

2. Was the trial[ ]court in error to dismiss [Turner]'s PCRA [petition] as untimely, without granting him a *nunc pro tunc* review of his ineffective assistance of all prior counsels' failure to pursue improper mental health evaluation of [Turner]; for mitigating standards of relief, and granting [Turner] a sentence reduction in accordance [with] controlling case law, governing consolidation/merger of sentences rather than consecutive sentences?

Brief for Appellant, at 6.[8]

"On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Martin**, 5 A.3d 177, 182 (Pa. 2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues

_____

[8] Turner's claims are somewhat incomprehensible, but he appears to challenge all prior counsels' failure to challenge the mental health evaluation, or lack thereof, in his pre-sentence investigation report. He further purports that these claims challenge the illegality of his sentence but, as we discuss *infra*, Turner fails to invoke an exception to the PCRA's time-bar and, therefore, we affirm the PCRA court's dismissal of his petition.

- 4 -

raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Turner's current petition was facially untimely. Turner's judgment of sentence became final, for the purposes of the PCRA, on May 12, 1999, when the time expired for him to file for a writ of certiorari in the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(3); Sup. Ct. R. 13. Thus, Turner had until May 12, 2000, to file a timely petition under the PCRA. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(3). Turner's instant petition was filed on February 20, 2018, almost 18 years later.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

On appeal before this Court, Turner has abandoned his arguments invoking the newly discovered evidence exception.[9] Rather, Turner asserts he does not need to invoke an exception to the time-bar because his claims are non-waivable challenges to the legality of his sentence. *See* Brief for Appellant at 11.

However, the PCRA time limit is jurisdictional, and a court **may not** ignore it and reach the merits of the petition, even where the convicted defendant claims that his sentence is illegal. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *Commonwealth v. Whiteman*, 204 A.3d 448, 450-51 (Pa. Super. 2019). Challenges to the illegality of a sentence are cognizable under the PCRA, *see* 42 Pa.C.S.A. § 9543(a)(2)(vii), and, therefore, a petitioner must satisfy an exception to the time-bar. *See Whiteman*, *supra*. Instantly, Turner has failed to invoke any exception to the PCRA's time-bar. Accordingly, we lack the jurisdiction to review Turner's untimely PCRA petition, and we affirm the PCRA court's order.

Order affirmed.

---

[9] In his underlying petition, Turner argued that his 2017 mental health diagnosis satisfied the newly-discovered evidence exception and that his prior counsel were ineffective for failing to investigate and present evidence related to his mental health. *See* PRCA Petition, 2/10/18, at 3.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2022